Filed 1/7/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>HAROLD TED CORNELIUS,<br><br>  Defendant and Appellant. | 2d Crim. No. B296605<br>(Super. Ct. No. F268843)<br>(San Luis Obispo County) |

A jury convicted Harold Ted Cornelius of second degree murder (Pen. Code,[1] §§ 187, subd. (a), 189, subd. (b)) and found true allegations that he personally used a firearm (former § 12022.5, subd. (a)(1)) and that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced him to 40 years to life in state prison. Following the enactment of Senate Bill No. 1437, Cornelius filed a petition for resentencing pursuant to section 1170.95. The trial court denied his petition.

---

[1] Further unspecified statutory references are to the Penal Code.

Cornelius argues the trial court erred when it denied his petition for resentencing without first appointing counsel. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

In 1998, Cornelius fatally shot his brother after an argument. The jury convicted Cornelius of second degree murder and found true the firearm allegations. The trial court sentenced him to 40 years to life in state prison. Cornelius appealed the conviction, arguing instructional error, an error in applying the firearm enhancement, and an error in presentence custody credits. We affirmed. (*People v. Cornelius* (June 20, 2000, B129641) [nonpub. opn.].)[2]

Following the enactment of Senate Bill No. 1437, Cornelius filed a petition for resentencing pursuant to section 1170.95. He requested appointment of counsel for resentencing.

The trial court did not appoint counsel and denied Cornelius's petition. The court found Cornelius was not eligible for resentencing "because he was convicted of second degree murder by a jury that also found he personally used and discharged a firearm in the commission of the murder within the meaning of [section 12022.53 and former section 12022.5, subdivision (a)(1)]." The court observed that section 1170.95, subdivision (a), applies to a person convicted of felony murder or murder under a natural and probable consequences theory; however, "Petitioner was not convicted" of either crime. Based on the verdict, the trial transcript and the prior appeal, the court found that Cornelius "failed to make a prima facie showing that he falls within the provisions of" section 1170.95.

---

[2] We grant respondent's unopposed request to take judicial notice of our prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underling felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

Senate Bill No. 1437 added section 1170.95, which allows a "person convicted of a felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) To file the petition, all three of the following conditions must be met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189." (*Ibid.*) The petition shall

3

include a declaration stating that "he or she is eligible for relief under this section" based on the three requirements of subdivision (a).  (§ 1170.95, subd. (b)(1).)

Section 1170.95, subdivision (c), sets forth the process for the trial court's review of the petition.  The trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

Here, Cornelius filed a section 1170.95 petition in which he requested counsel.  But he was ineligible for relief because he was not convicted of felony murder or murder as an aider or abettor under a natural and probable consequences theory.  (§ 1170.95, subd. (a)(3).)  The jury convicted him of second degree murder and found true that he personally and intentionally used a firearm to commit the crime.  Thus, the jury implicitly found Cornelius was the "actual killer," and the changes to sections 188 and 189 are inapplicable.

Despite his ineligibility, Cornelius contends the trial court was statutorily required to appoint counsel pursuant to section 1170.95, subdivision (c), once he alleged that he satisfied the filing requirements for the petition, regardless of whether the allegations are accurate.  We reject his contention where, as here, he is indisputably ineligible for relief.  (Cf. *People v. Shipman* (1965) 62 Cal.2d 226, 232 [appointment of counsel not required in writ of *coram nobis* proceedings, where after examination of

4

allegations "in light of any matter of record" there are no "adequate factual allegations stating a prima facie case"].)

**DISPOSITION**

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

YEGAN, Acting P. J.

PERREN, J.

Craig B. Van Rooyen, Judge

Superior Court County of San Luis Obispo

_____


       Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

       Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.